UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMRA DIXON, parent and next
friend of G.D., a minor,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

CASE NO. 10-14283

HON. MARIANNE O. BATTANI

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS,
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT, AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Tamra Dixon, on behalf of her minor child G.D., filed Objections (Docs. 23, 24, 25) to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. 22) issued in her action against Defendant Commissioner challenging the denial of supplemental security income benefits for G.D. In the R&R, the Magistrate Judge recommended that the Court deny Plaintiff's motions for summary judgment (Docs. 14, 15) and grant Defendant's motion for summary judgment (Doc. 19). For the reasons that follow, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the R&R, **DENIES** Plaintiff's motions, and **GRANTS** Defendant's motion.

**I.    STATEMENT OF FACTS**

As the parties have not objected to the Magistrate Judge's recitation of the procedural history or the administrative record, the Court adopts that portion of the R&R as if fully set forth herein. See (Doc. 22, pp. 2-11).

## II. STANDARD OF REVIEW

### A. Objections to a Magistrate Judge's Report and Recommendation

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

The Sixth Circuit has made clear that "[o]verly general objections do not satisfy the objection requirement." Spencer v. Bouchard, 449 F.3d 721, 725 (6th Cir. 2006). Only specific objections are entitled to de novo review; vague and conclusory objections amount to a complete failure to object as they are not sufficient to pinpoint those portions of the R&R that are legitimately in contention. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." Spencer, 449 F.3d at 725 (quoting Miller, 50 F.3d at 380).

2

The Sixth Circuit has also indicated a party is procedurally barred from raising as "objections" arguments which were never presented to the magistrate judge. See Murr v. United States, 200 F.3d 895, 902 n. 1 (6th Cir. 2000); Glidden Co. v. Kinsella, 386 F.App'x 535 n. 2 (6th Cir. 2010); see also Paul v. Astrue, 07-959, 2008 WL 2053808, *3 (M.D. Pa. May 13, 2008) (in childhood disability case, district court held that the plaintiff waived new arguments presented as "objections" because he did not first present them to the magistrate judge). Put simply, "the Magistrates Act was not intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court." Page v. Comm'r of Social Sec., 07-14873, 2009 WL 801723, *4 (E.D. Mich. March 24, 2009) (citation omitted).

### B.  Commissioner's Disability Determination

Judicial review of the Commissioner's disability decision is limited to determining whether the findings are supported by substantial evidence and whether the Commissioner employed proper legal standards in reaching his conclusion. Brainard v. Sec'y of HHS, 889 F.2d 679, 681 (6th Cir. 1989). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Sec'y of HHS, 987 F.2d 1230, 1233 (6th Cir. 1993); Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009). Consequently, the standard of review is deferential and allows considerable latitude to administrative decisionmakers because it presupposes there is a "zone of choice" within which the decisionmakers can go either way, without interference by the courts. Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994); Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir.1986) (en banc).

When determining whether substantial evidence supports the Commissioner's decision, the reviewing court must take into consideration the entire record, including "whatever in the record fairly detracts from its weight." Id. When the Appeals Council declines to review the ALJ's decision, the court's review is limited to the record and evidence before the ALJ. Cotton v. Sullivan, 2 F.3d 692, 696 (6th Cir. 1993). The court may look at any evidence in the administrative record, even if it has not been cited by the ALJ. Walker v. Sec'y of HHS, 884 F.2d 241, 245 (6th Cir.1989). There is no requirement, however, that the reviewing court discuss every piece of evidence in the record. Kornecky v. Comm'r of Soc. Sec., 167 F.App'x. 496, 508 (6th Cir. 2006). Moreover, the court may not conduct a de novo review of the evidence, determine credibility, or weigh the evidence. Brainard, 889 F.2d at 681. The court's role is limited to a search for substantial evidence, that which is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007).

## III.  ANALYSIS

After reviewing the ten hand-written pages that Plaintiff has submitted as her objections to the R&R, the Court finds only the same arguments that the Magistrate Judge thoroughly reviewed and rejected. Plaintiff once again argues that Ms. Lewis, one of G.D.'s fifth-grade teachers, should have completed the Teacher Questionnaire instead of Ms. Williams, another of G.D.'s fifth-grade teachers, because Ms. Lewis had more knowledge about G.D.'s behavioral issues at school. (Doc. 24). Plaintiff also

claims the ALJ should have interpreted differently the medical records she procured from Dr. Chheda. (Doc. 25).

The Magistrate Judge has already reviewed each of those arguments in exhaustive detail. (Doc. 22, p. 12-22). Plaintiff offers no specific objection to the Magistrate Judge's examination of the issues. Instead, she offers a general objection to the R&R's ultimate conclusion without identifying which portion of the analysis was in error. This general objection does not meet the controlling standard. Miller, 50 F.3d at 380; Spencer, 449 F.3d at 725; see also Johnson v. Comm'r of Soc. Sec., 05-2155, 2007 WL 2292440, *1 (N.D. Ohio August 7, 2007) ("The Federal Magistrates Act requires a district court to conduct a de novo review only of those portions of the Report to which an objection has been made."). Given the legally deficient objections, the Court adopts the Magistrate Judge's analysis of these issues as its own and declines to further address Plaintiff's arguments. See Curry v. City of Mansfield, Ohio, 201 F.3d 440 (Table) (6th Cir. 1999) (explaining that de novo review of a report and recommendation in the absence of a proper objection is not only unnecessary, but inappropriate).

Additionally, the Court rejects Plaintiff's attempt to introduce new arguments and evidence not presented to the Magistrate Judge. In this regard, Plaintiff offers an October 18, 2011 letter from the McKinley Foundation Academy, the school that G.D. attended during the 2008-2009 school year, which summarizes G.D.'s behavioral problems and confirms that the school board expelled her because of these problems. (Doc. 23). The Court need not consider this letter as it is outside the administrative record and presented for the first time in her objections to the R&R. Accord Hamlin v.

5

Comm'r of Soc. Sec., 05-10293, 2006 WL 3694612, *3 (E.D.Mich. December 7, 2006) (holding that new issues raised for the first time in objections to reports of magistrate judges are waived).  Even if it did, the Court cannot discern the purpose for which Plaintiff offers this letter.  It is duplicative of the evidence already in the administrative record and simply confirms undisputed portions of that record.  Accordingly, an award of benefits or remand for further proceedings remains inappropriate.  See 42 U.S.C. §405(g); Foster v. Halter, 279 F.3d 348, 357 (6th Cir. 2001) (explaining that a sentence six remand under §405(g) is warranted only when the plaintiff demonstrates that the evidence not before the ALJ is "new" and "material," and that there was "good cause" for not producing it at the administrative level).

## IV.   CONCLUSION

For the reasons stated above, the Court **OVERRULES** Plaintiff's objections (Docs. 23, 24, 25), **ADOPTS** the R&R (Doc. 22), **DENIES** Plaintiff's motions for summary judgment (Docs. 14, 15), and **GRANTS** Defendant's motion for summary judgment (Doc. 19).

**IT IS SO ORDERED.**

                                                                s/Marianne O. Battani
                                                                MARIANNE O. BATTANI
                                                                UNITED STATES DISTRICT JUDGE

DATE: January 13, 2012

## CERTIFICATE OF SERVICE

    I hereby certify that on the above date a copy of this Order was served upon Plaintiff, Tamra Dixon via ordinary U.S. Mail, and electronically via the Court's ECF System.

                                        s/Bernadette M. Thebolt
                                        Case Manager